UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.1:03 CR 479 |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CEDRIC KING, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Mr. King's Motion for Reconsideration of Memorandum Opinion And Order Under Fed. R. Civ. P. 59(E). (ECF #67). Mr. King has argued that he is entitled to reconsideration because the Court based its decision on the Supreme Court's holding in *Beckles v. United States*, __ U.S. __, 197 L. Ed. 2d 145 (2017), and he argues that *Beckles* does not apply to defendants who were sentenced under the mandatory Sentencing Guidelines in place prior to United States v. Booker, 543 U.S. 220 (2005).

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, 1192 L. Ed. 2d 569 (2015), which found that the identically defined residual clause in the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. §924(e)(2)(B) was unconstitutionally vague. In a follow-up case, *Welch v. United States*, 136 S. Ct. 1257, 1268, 194 L. Ed.2d 387 (2016), the Supreme Court determined that the rule announced in *Johnson* was substantive and should be applied retroactively. Subsequently, in the case of *Beckles v. United*

*States*, — U.S. — (March 6, 2017), the United States Supreme Court took on the issue of whether the *Johnson* rule and reasoning invalidating the residual clause under the ACCA also applies to invalidate the residual clause under the Guidelines. *Beckles* held that *Johnson* does not, in fact, apply to invalidate sentences enhanced under the residual clause of the "advisory Guidelines." The Court in *Beckles* found that

> [u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, at pg. 5.

Justice Thomas, writing for the majority, and Justice Sotomayor, in her concurring opinion, both clarified that Court's opinion in *Beckles* specifically addressed only the "advisory Guidelines" and did not decide whether *Johnson* applied to the mandatory guidelines used in pre-*Booker* sentencings.

The parties appear to agree that Mr. King was originally sentenced in 2004, under the pre-*Booker* mandatory guidelines; that he did not appeal his conviction or sentence; and, that the United States Supreme Court has not determined whether the residual clause of the career-offender designation in the pre-*Booker* guidelines is subject to invalidation under the reasoning set forth in *Johnson*. There is also no dispute that his Motion to Vacate under 28 U.S.C. §2255, (ECF #58), was not filed until June 20, 2016.

Pursuant to 28 U.S.C. §2255(f)(1), a §2255 motion must be filed within one year "of the date on which the judgment of conviction becomes final." Because he did not file an appeal of his conviction or sentence, Mr. King's judgment became final after his time for noticing an appeal expired. This would have been on June 8, 2004. Section 2255 also provides, however, that a

petition may also be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The *Johnson* case held that the specific language used in the residual clause of the ACCA was unconstitutionally vague. In *Welch v. United States*, the Supreme Court found that *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. 136 S. Ct. 1257, 1265 (2016). Therefore, a claim to enforce the right to re-sentencing based on the invalidated language in the ACCA is timely if filed within a year of that decision.

The United States Supreme Court has not definitively answered the question of whether the same language invalidated in *Johnson* is also unconstitutional as used within the pre-*Booker* Sentencing Guidelines. Therefore, the government argues that the potential invalidation of pre-*Booker* sentencing language is not a "right" that "has been newly recognized by the Supreme Court," or that was "made retroactively applicable to cases on collateral review" as would be required to re-set the one year deadline for filing a petition under 28 U.S.C. §2255. Therefore, they argue that Mr. King's petition was untimely.

The Sixth Circuit appears to agree with the government's position on the timeliness of Mr. King's petition, despite having previously entertained similar challenges to the post-*Booker* sentencing guideline challenges, which would also have been untimely under this approach. In the Sixth Circuit case of *Raybon v. United States of America*, Case No. 16-2522, recently decided on August 14, 2017, the court held that a challenge to the *Johnson* language, as applied to the pre-*Booker* Sentencing Guidelines, was untimely under 28 U.S.C. §2255(f)(3). The *Raybon* court relied on the same reasoning put forth by the government in its opposition to Mr. King's petition: because the question of whether Johnson "applies to the mandatory guidelines, which contain

identical language as the ACAA provision at issue in *Johnson 2015*, is an open question" . . . "it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Raybon*, at pg. 5. This Court is bound by the holdings of the Sixth Circuit, and must, therefore, find that Mr. King's petition is also untimely under 28 U.S.C. §2255(f)(3).

The government also argues that Mr. King's petition fails on the merits. Mr. King's past convictions would qualify as crimes of violence even without application of the contested residual clause language in the sentencing guidelines. The Sixth Circuit has unequivocally held that the the Post-Senate Bill version of Ohio Rev. Code §2911.01(A)(1) (Aggravated Robbery) qualifies as a crime of violence under the "elements" test of the Sentencing Guidelines §4B1.2(a). *United States v. Patterson*, ___ F.3d ___, 2017 WL 1208425 (6th Cir., April 3, 2017). Mr. King had at least three separate qualifying convictions under this section of the Ohio Rev. Code. Accordingly, whether or not *Johnson* applies to the pre-*Booker* Sentencing Guidelines, Mr. King was properly determined to be a Career Offender based on his prior convictions under the elements portion of the Sentencing Guidelines. Mr. King has not countered this argument and, therefore, appears to have conceded this point.

For the reasons set forth above, Mr. King's motion for reconsideration is, hereby, DENIED. IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: August 28, 2017